LEOPOLD D. SCHWARZ, PROSECUTOR, v. THE MAYOR, RECORDER, ALDERMEN AND COMMON COUNCIL OF DOVER.

Submitted July 3, 1902—Decided November 10, 1902.

Excise commissioners are officials for the performance of a public duty unconnected with the administration of justice, they are not officers of, or assistants to, the judicial tribunals; the authority to appoint them properly belongs, in a constitutional sense, to the legislative or executive branch of government, hence it may not lawfully be exercised by a Court of Common Pleas, in view of article 3, of the state constitution.

---

On *certiorari.*

This *certiorari* is brought to set aside and annul an ordinance passed by the mayor, recorder, aldermen and common council of Dover, as follows:

"An ordinance to establish a board of excise commissioners within and for the town of Dover.

"*Be it ordained* by the mayor, recorder, aldermen and common councilmen of Dover as follows, to wit:

"SEC. 1. That from and after the passage of this ordinance there shall be established within and for the town of Dover a board of excise commissioners to be appointed pursuant to the provisions of an act of the legislature of the State of New Jersey entitled 'An act to establish an excise department in incorporated towns and cities of this state,' approved March 21st, 1901.

"SEC. 2. That within ten days after the passage of this ordinance a copy thereof certified by the clerk of this town shall be by said clerk deposited and filed in the office of the clerk of the Court of Common Pleas of the county of Morris, as is required by the provisions of said act.

"Passed May 13th, 1901."

The legislative act under which this ordinance was passed is chapter 107, laws of 1901, page 239.

It is entitled "An act to establish an excise department in incorporated cities and towns of this state."

Section 1 provides "that it shall be lawful for the governing body of any town or city of this state, except cities of the first class, to provide for the establishment within and for such town and city of a board of excise commissioners, which ordinance shall provide that, from and after the passage thereof, there shall be established within and for such town or city a board of excise commissioners, appointed pursuant to the provisions of this act," &c.

Section 2 provides "that within ten days after the passage of any such ordinance, a certified copy thereof shall be filed in the office of the clerk of the Court of Common Pleas of the county, who shall thereupon notify the court of such filing

and said court shall, within thirty days, appoint a board of excise commissioners within and for such town or city," &c.

Of the reasons assigned for setting aside the ordinance in question, the first two are:

"1. Because said legislative act entitled 'An act to establish an excise department in incorporated towns and cities of this state,' approved March 21st, 1901, is unconstitutional, in that it is a violation of article 3 of the constitution of this state."

"2. Because in and by said act the legislature attempted to enforce upon and delegate to the judicial department certain powers not appertaining or belonging to the judicial department, and said act is for that reason unconstitutional and void."

Before Justices GARRISON and COLLINS.

For the prosecutor, *George T. Werts.*

For the defendants, *James H. Neighbour.*

The opinion of the court was delivered by

GARRISON, J.   The important question raised by this proceeding is whether the appointment of an excise commission may lawfully be made by a Court of Common Pleas, when thereunto authorized by legislative enactment, in view of artcle 3 of the constitution, which provides:

"The powers of the government shall be divided into three distinct departments—the legislative, executive and judicial; and no person or persons, belonging to or constituting one of these departments, shall exercise any of the powers properly belonging to either of the others except as herein expressly provided."

The scope and meaning of this article was incidentally expounded by Chief Justice Beasley, in *In re Cleveland,* 22 *Vroom* 311. "In my opinion," he says, "an executive authority of this nature cannot be vested in a judicial officer so long as the state constitution remains what it is.   The subject is

regulated by article 3 of that instrument, which is in these words [quoting them].

"It will be observed that each of the three departments here designated is excluded, not simply from the exercise of the powers conferred in express terms by the constitution itself on either of the others, but is prohibited from using *any of the powers properly belonging to either of the others.*

"My construction of this broad description of the prohibited power, as it applies to the judiciary, is that it forbids that department to use any of these authorities *which in their nature* are either legislative or executive, because such authorities, in a theoretical and abstract sense, 'properly belong' to the two last-named departments respectively. This clause is, of course, to be read in the light of the ancient inherent faculties and incidents of the governmental departments to which it relates, and it could not therefore properly be construed so as to prevent the judicial tribunals from appointing that class of officials that are assistants to the courts in the administration of the law, such as referees, auditors, masters in chancery and the like. But that it does prevent the vesting of the prerogative to fill public offices, unconnected with the courts and the judicial function, I see no reason whatever to doubt."

The Chief Justice then cites decisions to the same effect in Massachusetts and elsewhere, and concludes:

"From these considerations I feel it to be my duty to decline to execute the authority sought to be conferred upon me by this statute."

Accepting, as I unqualifiedly do, this exposition of the constitutional article in question, the pertinent inquiry in the present case is whether the authority to appoint officers of the class known as excise commissioners "properly belongs" to either the legislative or the executive department of the state government. Referring, again, to the language just quoted, I think its concluding clauses place this matter also in its proper light, viz., that, excepting as to officers connected with the courts and the judicial functions, the authority to appoint to public office belongs, in "a theoretical and abstract sense," either to the legislative or to the executive branch of govern-

ment, it matters not to which so far as present purposes are concerned. In the sense just indicated there is, to my mind, no question but that the appointment of excise commissioners properly belongs to one of the other departments of government, and hence not to the judicial. This would be conclusive of the present case were it not for certain queries that have suggested themselves. The first is whether the fact that, from the earliest times, the excise function of licensing inns and taverns has been performed by the Courts of Common Pleas can be laid hold of to support the legislation now before us. The argument in favor of such proposition would be that, as the excise function has been recognized as a faculty of such courts, the naming of a body of officials to perform that duty may, in a sense, be regarded as the appointment of assistants to aid such courts in the administration of their judicial duties, and hence be assimilated to referees, auditors and similar judicial appointees. The fallacy of this argument, however, would be that it assumes that the performance of this public service by the Courts of Common Pleas made it a judicial function, either actually or "in a theoretical and abstract sense," whereas, upon the contrary, it has uniformly been recognized and dealt with as an exception to the rule.

The first proposition laid down by Mr. Justice Van Syckel, delivering the opinion of the Court of Errors in *Paul* v. *Gloucester County, 21 Vroom 585,* was "that the sale of intoxicating liquors has, from the earliest history of our state, been dealt with by legislation in an exceptional way;" and, in the same opinion, speaking of the exercise of this function by the judges of the Courts of Common Pleas, the learned justice says: "The duty these judges were charged with was a duty for the people of the county, which did not, in this regard, require the performance of a judicial act." The constant enactment of statutes by which this same duty was laid upon common councils and other bodies lacking general judicial powers further illustrates and enforces the exceptional nature of the service thus performed by the local courts.

The distinction between officials of the class now under consideration and such as are in reality assistants to the courts

lies in the fact that the latter work with the court incidentally to some matter that is, or has been, or will be, pending therein for judicial treatment at some stage, whereas excise commissioners, once they are appointed, deal thenceforth and independently with a matter that was not before the court that appointed them, and with which it has no connection, save that, by force of established usage, the same duty might have been required at its hands.

A further query suggests the argument that the constitutional interdict in question applies only to officials who derive their powers by direct assignment from the constitution itself, and hence does not affect those who perform similar functions in offices of legislative creation. But such limited and inconsequent interpretation would, as it seems to me, be subversive of the entire spirit of the prohibition. No sufficient reason can be given for permitting to the incumbents of legislative offices a latitude in this respect that is denied to those filling offices of constitutional origin. Moreover, one of the results of the clause in question, and hence presumably one of its purposes, is to secure the performance of legislative, executive and judicial duties strictly within the boundaries of each of these departments respectively, a purpose that would be wholly frustrated if incumbents of offices created by the legislative branch could take on indiscriminately any or all of these functions at the will of the legislature.

I do not understand Mr. Justice Dixon, in the reference he makes to the constitutional origin of the Supreme and Circuit Courts, in his opinion in *In re Ridgefield Park, 25 Vroom* 288, to do more than state a pertinent fact; it was not an essential factor in the decision of the cause. The allusion by Mr. Justice Van Syckel to the same matter, in *Paul* v. *Gloucester County, 21 Id.* 585 (at *p.* 611), is carefully guarded by the words "or which *in their nature* pertain to one of these departments exclusively," referring to the powers assigned by the constitution itself.

Nothing that is suggested by either of these suppositional arguments breaks the force of the comprehensive exposition by Chief Justice Beasley, quoted at the outset of this opinion.

The conclusions I have reached are that excise commissioners are officials for the performance of a public duty unconnected with the administration of justice; that they are not officers of, or assistants to, the judicial tribunals; that the authority to appoint them properly belongs, in a constitutional sense, to the legislative or executive branch, and hence may not lawfully be exercised by a Court of Common Pleas, in view of article 3 of the constitution. It follows that the statute by which this authority is attempted to be conferred is nugatory, and that the ordinance brought up by this writ must be set aside. The prosecutor is awarded his costs.